**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| APRIL MANUEL | CIVIL ACTION NO. 23-1644 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BHG HOLDINGS, LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss for Failure to State a Claim filed by Defendants BHG Holdings, LLC d/b/a Behavioral Health Group, BHG LXII, LLC d/b/a BHG Medical Services-Louisiana, VCPHCS VI, LLC d/b/a BHG Lake Charles Treatment Center (collectively "BHG"). See Record Document 25. Relator April Manuel ("Relator") filed a memorandum in opposition to the motion on July 7, 2026. See Record Document 49. On July 14, 2026, BHG filed a reply to Relator's opposition. See Record Document 50. The motion is now ripe for ruling.

BHG's Rule 12(b)(6) motion asks the Court to dismiss "certain counts of the *qui tam* complaint against them on the grounds that the Relator, April Manuel ("Relator"), failed to state claims upon which relief can be granted for Counts I through X and Count XII of the Complaint, including failing to plead the claims with particularity as required by Federal Rule of Civil Procedure 9(b)." Record Document 25. For the reasons stated herein, BHG's Motion to Dismiss (Record Document 25) is **GRANTED WITHOUT PREJUDICE** and Relator's request for leave to amend her Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) is **GRANTED**.

## BACKGROUND

Relator was employed at the BHG Lake Charles Treatment Center from May 2022 until her termination in October 2023. See Record Documents 1 & 49. During her employment, Relator alleges she personally observed and participated in the clinical documentation processes that generated billable claims submitted to Government Healthcare programs. See id. On November 17, 2023, Relator initiated this *qui tam* action, by filing a Complaint under the federal False Claims Act, 31 U.S.C. § 3729 *et seq.*, and the Louisiana Medical Assistance Program Integrity Law ("MAPIL") against BHG. See Record Document 1. On March 17, 2025, the United States filed a notice of Election to Decline Intervention and moved to unseal the Complaint. See Record Document 13. The Court granted the motion and ordered the case unsealed on November 13, 2025. See Record Document 14.

On February 20, 2026, BHG filed the instant Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). See Record Document 25. Relator did not initially file an opposition to the motion. On April 1, 2026, Judge James D. Cain, Jr. issued a memorandum ruling (Record Document 28) and judgment (Record Document 29) granting BHG's motion in its entirety and dismissing the matter with prejudice. The case was subsequently re-assigned to the undersigned on April 22, 2026. See Record Document 30. Relator filed a motion for reconsideration of the judgment granting dismissal on April 29, 2026. See Record Document 34. The Court granted the motion for reconsideration and vacated the memorandum ruling and judgment granting BHG's motion to dismiss. See Record Document 40.

Relator then filed a memorandum in opposition to BHG's motion to dismiss on July 7, 2026. See Record Document 49. BHG filed their response to the opposition on July 14, 2026. See Record Document 50. The motion is now ripe for ruling.

**LAW AND ANALYSIS**

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings that state a claim for relief and requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To determine whether a complaint is adequate under Rule 8(a)(2), courts apply the "plausibility" standard established in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and its progeny. Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555-56.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570.). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Id. at 678 (citation omitted).

Federal Rule of Civil Procedure 9(b) is an exception to Rule 8(a)'s simplified pleading standard. The particularity demanded by Rule 9(b) is supplemental to the Supreme Court's Rule 8(a) plausibility standard. See United States ex rel. Grubbs v.

Kanneganti, 565 F.3d 180, 185 (5th Cir. 2009). Under this Rule, "[t]o allege fraud, 'a party must state with particularity the circumstances constituting fraud.' " Id. (quoting Fed. R. Civ. P. 9(b)). " 'Rule 9(b) requires, at a minimum, that a plaintiff set forth the "who, what, when, where, and how" of the alleged fraud.' " United States ex rel. Gage v. Davis S.R. Aviation, L.L.C., 623 F. App'x 622, 625 (5th Cir. 2015) (quoting United States ex rel. Steury v. Cardinal Health, Inc., 625 F.3d 262, 266 (5th Cir. 2010)); see also United States ex rel. Doe v. Dow Chem. Co., 343 F.3d 325, 329 (5th Cir. 2003) ("The time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby must be stated ... in order to satisfy Rule 9(b)." (internal quotation marks and citation omitted)).

"The False Claims Act is a potent remedial statute. As a counterweight to the statute's power and as a shield against fishing expeditions, FCA suits are subject to the screening function of Federal Rule of Civil Procedure 9(b)." Gage, 623 F. App'x at 623; see also id. at 625 ("An FCA complaint must meet the heightened pleading standard of Rule 9(b)."). The Fifth Circuit " 'appl[ies] Rule 9(b) to fraud complaints with bite and without apology.' " United States ex rel. Porter v. Magnolia Health Plan, Inc., 810 F. App'x 237, 240 (5th Cir. 2020) (quoting Grubbs, 565 F.3d at 185). Rule 9(b) requires only "simple, concise, and direct" allegations of the "circumstances constituting fraud," which must make relief plausible, not merely conceivable, when taken as true. Grubbs, 565 F.3d at 186.

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. In deciding a Rule 12(b)(6) motion to dismiss, a court generally "may not go outside the pleadings."

Colle v. Brazos County, 981 F.2d 237, 243 (5th Cir. 1993). "A court's analysis generally should focus exclusively on what appears in the complaint and its proper attachments." Wilson v. Birnberg, 667 F.3d 591, 595 (5th Cir. 2012) (citing Fin. Acquisition Partners LP v. Blackwell, 440 F.3d 278, 286 (5th Cir. 2006)).

Additionally, courts must accept all allegations in a complaint as true. See Iqbal, 556 U.S. at 678. However, courts do not have to accept legal conclusions as fact. See id. Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive. See id. at 678-79. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id. Likewise, a claim alleging fraud that fails to meet the particularity requirement of Rule 9(b) by setting forth the "who, what, when, where, and how" of the alleged fraud may be dismissed under Rule 12(b)(6). See Gage, 623 F. App'x at 625. Note, however, that in Grubbs, the Fifth Circuit held "that to plead with particularity the circumstances constituting fraud for a False Claims Act § 3729(a)(1) claim, a relator's complaint, if it cannot allege the details of an actually submitted false claim, may nevertheless survive by alleging particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." Grubbs, 565 F.3d at 190.

All of this having been said, the Court now turns to determine whether Relator's Complaint was pled with particularity, sufficient to satisfy the heightened Rule 9(b) standard, as required to survive BHG's Rule 12(b)(6) Motion to Dismiss.

BHG argues that Relator's Complaint has failed to plead any of the requisite elements with the requisite specificity. See Record Document 25-1. As aforementioned,

under Rule 9(b), "[t]o allege fraud, 'a party must state with particularity the circumstances constituting fraud.' " Gage, 623 F. App'x at 625 (quoting Fed. R. Civ. P. 9(b)).[1] In the context of § 3729 of the FCA, the complaint must either "allege the details of an actually submitted false claim," or "alleg[e] particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." Grubbs, 565 F.3d at 189. At the pleading stage, "[i]t is adequate to allege that a false claim was knowingly presented regardless of its exact amount." Id. To be clear, a plaintiff is not required to plead the exact dollar amounts, billing numbers, or dates when the allegedly fraudulent claims were submitted. See Grubbs, 565 F.3d at 190. It is sufficient that a plaintiff plead particular details of the "scheme in which particular circumstances constituting fraud may be found that make it highly likely the fraud was consummated through the presentment of false bills." Grubbs, 565 F.3d at 190.

In her opposition, Relator asserts that each count of the Complaint "expressly incorporates by reference all preceding factual allegations . . . ." Record Document 49. Relator argues that "[t]hose incorporated allegations—not merely the conclusory paragraphs comprising Count I—must be considered in determining whether the Complaint satisfies Rules 8 and 9(b)." Record Document 49. Further, Relator argues that "[w]hen read as a whole, the Complaint alleges that Defendants submitted or caused the submission of, false claims … for opioid treatment services that failed to comply with mandatory federal and state conditions of payment." Id. BHG counters, arguing that

[1] The Court notes that because MAPIL's operative prohibitions mirror the FCA in relevant respects, the FCA pleading principles—including the heightened particularity requirement set forth in Rule 9(b) of the Federal Rules of Civil Procedure—apply to claims brought under MAPIL in addition to the FCA. See Harris v. Seaside HCBS, LLC, 2023 WL 2669643, at *4 (M.D. La. Mar. 27, 2023).

"identifying alleged misconduct within a healthcare facility is not itself sufficient to establish reliable indicia that a *false* claim was actually presented." Record Document 50.

Notably, Relator's Complaint consists of one hundred twenty-four (124) pages (not including exhibits). See Record Document 1. However, it is not until page one-hundred-five (105) that the first Count is plead. See id. The enumerated twelve (12) counts conclude on page one-hundred-twenty (120). See id. Each Count essentially begins with the same statement: "Relator realleges and incorporates by reference all the allegations in the preceding paragraphs of the Complaint." Record Document 1. None of the twelve (12) counts provide any specified factual basis or direct the Court to any specific preceding paragraph to support the claim being asserted.

The Court is not obliged to sift through the one hundred twenty-four (124) page Complaint to find a scintilla of support for each of Relator's claims. Further, the Court has no duty to attempt to reconstruct Relator's Complaint to identify support for each claim. As the Fifth Circuit has said, "[j]udges are not like pigs, hunting for truffles buried in briefs." de la O v. Housing Auth. of City of El Paso, Texas, 417 F.3d 495, 501 (5th Cir. 2005) (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)), cert. denied 546 U.S. 1062 (2006); Santos v. Evergreen Alliance Golf, LP, 650 F. Supp. 2d 604, 611 (S.D. Tex. 2009).

At this stage, it is for Relator—not the Court—to identify the significance and meaning of her factual allegations. Based on the Complaint currently before the Court, the Court cannot simply find that Relator has stated any claim upon which relief can be granted, nor that the relevant portions of the Complaint have been plead with sufficient particularity, as required by Rule 9(b). Because Relator has merely pleaded each count

with conclusory allegations and unsubstantiated assertions, the Court finds that Relator's Complaint has failed to plead her Complaint with sufficient plausibility and particularity to satisfy Rules 8 and 9 of the Federal Rules of Civil Procedure.

However, a "court ordinarily should not dismiss the complaint except after affording every opportunity to the plaintiff to state a claim upon which relief might be granted." Byrd v. Bates, 220 F.2d 480, 482 (5th Cir. 1955). The Fifth Circuit has further stated:

> In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.

Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002). Accordingly, Relator has requested that in lieu of dismissal, the Court grant leave to amend pursuant to Rule 15 (a)(2). See Record Document 49. At this stage, BHG's Motion to Dismiss (Record Document 25) claims under Counts I through X and Count XII of the Complaint is **GRANTED WITHOUT PREJUDICE** and Relator is hereby **GRANTED LEAVE TO AMEND** her Complaint in accordance with Rule 15(a)(2) of the Federal Rules of Civil Procedure.

Additionally, the Court finds, as both parties have agreed, that 18 U.S.C. § 1347 is a federal criminal statute that does not itself create a private civil cause of action. See Record Documents 25-1, 49, & 50. As a result, any claim asserted pursuant to 18 U.S.C. § 1347 is hereby **DISMISSED**. Relator is permitted to clarify that the allegations set forth in Count VIII are asserted as evidence supporting other claims set forth in the Complaint, as requested in her opposition. See Record Document 49.

Further, as recognized by both parties, the Complaint incorrectly cites 42 U.S.C. § 6971, which is a whistleblower provision, contained within the Solid Waste Disposal Act, that does not govern retaliation claims arising from healthcare fraud or the False Claims Act. See Record Documents 25, 49, & 50. As a result, any claim asserted pursuant to 42 U.S.C. § 6971 is hereby **DISMISSED**. Relator's request for leave to amend the Complaint to assert a retaliation claim under the correct statutory provision, 31 U.S.C. § 3730(h), is hereby **GRANTED**.

Further, Relator may use this opportunity to clarify claims asserted as an alternative basis for liability under Louisiana law and to correct any additional errors of legal characterization. Failure to cure the deficiencies within the Complaint will likely result in the dismissal of some or all of Relator's claims within the above-captioned matter from this Court. Additionally, the Court reiterates Rule 8(a)(2)'s requirement that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Conclusory allegations or lengthy factual assertions that do not provide any basis for relief are counterproductive. Relator must do more than present an extensive factual background followed by a list of causes of action. Thus, any amended complaint filed by Relator must allege—with particularity—the factual basis for each claim and explain how those facts support each element of the respective claims. Merely incorporating or cross-referencing numerous preceding paragraphs without explaining their relevance to the particular claim will not suffice.

## CONCLUSION

For the above-mentioned reasons, BHG's Motion to Dismiss (Record Document 25) is hereby **GRANTED WITHOUT PREJUDICE**. Relator's request for leave to amend

her Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) is **GRANTED**. Further, any private cause of action asserted under 18 U.S.C. § 1347 or pursuant to 42 U.S.C. § 6971 is hereby **DISMISSED**.

An Order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana this 18th day of November, 2026.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE